**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

        v.                                     17-CR-127-A
                                                      **ORDER**

RASHAAD SAMUEL,

        Defendant.
_____

      The Defendant is currently serving a 48-month sentence after pleading guilty to use of a communication facility to facilitate the commission of a drug felony, in violation of 21 U.S.C. § 843(b). The Defendant did not appeal his conviction or sentence, nor has he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

      The Defendant has, however, filed a *pro se* motion for free copies his docket sheet, plea agreement, sentencing memorandum, indictment and sentencing transcripts. Docket No. 38. For the reasons stated below, the Defendant's motion is denied without prejudice.

## DISCUSSION

      The relief the Defendant seeks is governed by two different statutes. The first, 28 U.S.C. § 2250, states that an indigent petitioner may be provided with free "copies of . . . documents or parts of the record on file." The statute, however, applies only "on an[] application for a writ of habeas corpus." *Id.* The Defendant, as noted, has not filed an application for a writ of habeas corpus.

      The second statute governing the relief the Defendant seeks is 28 U.S.C. § 753(f). In relevant part, § 753(f) provides:

            Fees for transcripts furnished in proceedings brought under

> [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Second Circuit has held that both "the plain language and necessary operation" of § 753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). Because, as noted, the Defendant has not filed a § 2255 motion, § 753(f) does not authorize the Court to provide the Defendant with free transcripts.

If the Defendant would like a copy of his docket sheet and/or plea agreement, he must pay the appropriate fee to the Clerk of Court. *See* 28 U.S.C. § 1914. The fee for copies of the electronic docket sheet is $0.10 per page. The total cost for a copy of the docket sheet in the Defendant's case is $0.80, the total cost for a copy of the Defendant's plea agreement is $0.90, and the cost of the indictment is $0.20. There is no Sentencing Memorandum, and the cost of the sentencing transcript cannot be computed at this time. Payment should be forwarded to the Clerk of Court and a copy of the docket sheet, plea agreement and/or indictment will then be mailed to the Defendant.

## CONCLUSION

For the reasons stated above, the Defendant's motion is **DENIED** without prejudice.

Dated: August 7, 2018　　　　　　　　　　*s/Richard J. Arcara*
　　Buffalo, New York　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE